IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 JUN 14  A 11: 14

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 2:07-CV-527-WKW |
| LEDELL L. WHETSTONE, | ) |
| Defendant. | ) |

## COMPLAINT

The Plaintiff, United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, for cause of action alleges:

1. The United States brings this civil action under the Federal Debt Collection Procedures Act of 1990, Title 28, United States Code, Section 3001(a), and common law.

2. This Court has jurisdiction over this action by virtue of Title 28, United States Code, Section 1345.

3. That the defendant, Ledell L. Whetstone, is a resident of the Middle District of Alabama.

4.  That the defendant owes plaintiff the total sum of $5,435.23 ($2,694.04 principal, plus interest in the amount of $2,741.19, as of March 19, 2007), plus interest at the rate of 10 percent per annum thereafter until the date of judgment, according to the Certificate of Indebtedness and Promissory Note attached hereto as Exhibit A.

5.  Written demand has been made upon defendant for the amount of this claim, but defendant has failed and refused to make payment thereof.

Wherefore, plaintiff demands judgment against defendant in the amount of $5,435.23, plus interest at the rate of 10 percent per annum thereafter to the date of judgment, and interest at the legal rate from the date of judgment until paid in full, for cost of suit and other proper relief.

DATED June 12, 2007.

                        LEURA G. CANARY
                        UNITED STATES ATTORNEY

By: *[signature]*
                        R. RANDOLPH NEELEY
                        Assistant United States Attorney
                        BAR NO.  9083-E56R

Post Office Box 197
Montgomery, AL 36101
Telephone:  (334) 223-7280
Facsimile:  (334) 223-7201

# EXHIBIT A

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #1 OF 1

Ledell L. Whetstone
aka: Ledell Lydell Whetstone
4589 Deth Manor Apt. C
Montgomery AL 36109
Account No:      _1964

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 03/19/07.

On or about 04/20/89, the borrower executed promissory note(s) to secure loan(s) of $2,625.00 from Meritor Savings Bank at 8.00% interest, rising to 10.00% after the fourth year of repayment. This loan obligation was guaranteed by Pennsylvania Higher Education Assistance Agency and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 09/15/90, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the total amount of $2,694.04 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 10/13/00, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $2,694.04 |
| Interest: | $2,741.19 |
| Total debt as of 03/19/07: | $5,435.23 |

Interest accrues on the principal shown here at the rate of $.74 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 4/23/07

Alberto Francisco
Senior Loan Analyst
Litigation Support

**STAFFORD LOAN APPLICATION** Resend (MM) T   Agency Use Only 89813026

The Pennsylvania Higher Education Assistance Agency — Commonwealth of Pennsylvania
Loan Guaranty Division, 660 Boas Street, Harrisburg, Pennsylvania 17102-1398

THE PENALTY FOR SUBMISSION OF FRAUDULENT INFORMATION ON THIS FORM MAY BE REPAYMENT OF TRIPLE ANY AMOUNT OF MONEY RECEIVED PLUS A FINE AND/OR IMPRISONMENT.

**PART A — STUDENT INFORMATION**   PRESS FIRMLY WITH BALL-POINT PEN   READ INSTRUCTIONS BEFORE COMPLETING

1. Student's Social Security Number: 1964
2. Student's First Name: Ledell   M.I.: L   Last Name: Whetstone   319383
3. Student's Birthdate: Month / Day / Year 60
4. Permanent Home Address: 3410 Mobile Dr.   Apt. No.
5. Area Code-Phone No. for item 4: 205 265-2206   City: Montgomery   State: AL   Zip Code: 36108
6. Agency Use Only
7. Driver's License: State —   No. NONE
8. Student's State of Permanent Residence: (a) State AL   (b) Since: Month 12 Year 86
9. Student's Citizenship Status: (a) U.S. Citizen/National ☒   (b) Eligible Non-Citizen ☐   Alien I.D. No.: A: NA
10A. Major Course of Study Code: 24
10B. Expected Date of Completion of Program: Month 02 Year 90
11-12. Agency Use Only
13. Are you currently in default on a student loan or a PLUS loan? Yes ☐ No ☒
14. Period of Enrollment Covered by this Loan Application: Beginning 02/89  Ending 08/89
15. Loan Amount Requested: $2625.00
16A. Total unpaid balance of all your Stafford Loans (GSL's) or any portion of these loans included in any Consolidation Loan you have: $0.00
16B. Total unpaid balance of all your PLUS/SLS loans or any portion of these loans included in any Consolidation Loan you have: $0.00
16C. Do you have Stafford Loans (GSL's) through an AGENCY OTHER THAN THE PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY? Yes ☐ No ☒

17. References:
| Name | Street, City, State, Zip | Area Code/Phone No. |
|---|---|---|
| Hattie Martin | 831 E Canyon Circle Montgomery AL 36105 | (205) 272-4011 |
| Lizzie Wallace | 7829 Riverdale Rd New Carrollton MD 20784 | (301) 459-9069 |

**Promissory Note for a Stafford Loan**

I. PROMISE TO PAY: I, the undersigned (the student borrower), identified in Part A, Item 2 of the Application, for value received, promise to pay to the order of the Lender or to a subsequent holder the principal sum equal to the Loan Amount Requested in Part A, Item 15 of the Application, which is hereby incorporated by reference in this Promissory Note, or any such lesser amount which is advanced to me and identified to me in the Loan Guaranty Notice and Disclosure Statement, plus interest as set forth in Paragraph II, and any other charges which may become due as provided in Paragraph V. If I fail to pay any of these amounts when they are due, I will also pay all charges and other costs, including attorney's fees and court costs, that are permitted by Federal law and regulations for the collection of these amounts.

STUDENT: Terms of the Promissory Note continue on the reverse side. Detach and keep copy D. Send copies A, B, and C to your school.

I UNDERSTAND THAT THIS IS A PROMISSORY NOTE. I WILL NOT SIGN THIS PROMISSORY NOTE BEFORE READING IT INCLUDING THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. I AM ENTITLED TO AN EXACT COPY OF THIS PROMISSORY NOTE, THE LOAN GUARANTY NOTICE AND DISCLOSURE STATEMENT, AND ANY AGREEMENT I SIGN. BY SIGNING THIS PROMISSORY NOTE, I ACKNOWLEDGE THAT I HAVE RECEIVED AN EXACT COPY HEREOF. MY SIGNATURE CERTIFIES THAT I HAVE READ, UNDERSTOOD, AND AGREED TO THE CONDITIONS AND AUTHORIZATIONS STATED IN THE STAFFORD LOAN BORROWER CERTIFICATION PRINTED ON THE REVERSE SIDE.

SIGN HERE X _Ledell L Whetstone_   Today's Date: 4/20/89

**PART B — SCHOOL INFORMATION TO BE COMPLETED BY SCHOOL**   (Instructions on reverse of copy C)

C1. Loan Term Dates: Beginning Date 02/28/89   Ending Date 08/26/89
C2. Date of Expected Graduation from Postsecondary School: 02/90
C3. School Name and Address:
AMERICAN CAREER TRAINING
4699 North Federal Highway
Pompano Beach, FL 33064
PHEAA SCHOOL CODE: 188700

C4A. Student's Enrollment Status Code: D
C4B. Student's Progress Code: A
C5A. Student's Grade Level Code: 00
C5B. Dependency Status: ☒ Independent
C5C. Suggested Disbursement Dates: (1) 02/28/89 (2) __
Do these disbursement dates correspond to school terms? ☒ Yes ☐ No

C6. Estimated Education Costs For Period in C1: $4645
C7A. Estimated Other Financial Aid For Period in C1: $000
C7B. Expected Family Contribution (EFC): $1200
C8. Costs Less Aid Less EFC (C6 less C7A less C7B): $2445

C9. Does the student owe a refund on grants previously received under Title IV of the Higher Education Act of 1965, as amended, or is the student in default on any loan made under a Title IV loan program [Stafford Loan (GSL), PLUS, SLS, Perkins Loan (NDSL), Consolidation Loan, Income Contingent Loan]? ☐ Yes ☒ No

C10A. If the amount indicated in Item C7A is greater than zero, is any of this amount SEOG, CWS, Perkins Loan, a Health Professions Student Loan, or a Nursing Student Loan? ☐ Yes ☒ No

C10B. IF YOU HAVE ALREADY CERTIFIED THE STUDENT'S ELIGIBILITY THROUGH A GUARANTOR OTHER THAN PHEAA for the term shown in Item C1 under the Stafford Loan Program, indicate the loan amount for which the student is eligible through the other guarantor. $ __

C11. I hereby certify that, based upon records available at the institution and due inquiry to the student, the student has satisfied the requirements under the Selective Service Act necessary to receive financial aid and that I have determined the student's eligibility/ineligibility for a Pell Grant. I FURTHER CERTIFY THAT THE INFORMATION GIVEN ABOVE IS TRUE, COMPLETE, AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

_Toni McGinty_, FAO
SIGNATURE AND TITLE OF SCHOOL OFFICIAL
305/946-5551   04/28/89
AREA CODE/TELEPHONE NUMBER   Month Day Year

Lender Code: M44801

Lender Name and Address:
**Meritor Savings Bank**
P.O. Box 8130
Harrisburg, PA 17105

SCHOOL: Retain Copy C and return Copies A and B to the lender.

PHEAA FORM F202, 12/88   LENDER ORIGINAL — COPY A

BEST COPY AVAILABLE AT TIME OF IMAGING

A

## ADDITIONAL TERMS OF THE PROMISSORY NOTE FOR A STAFFORD LOAN

**II. INTEREST:** (1) I agree to pay an amount equivalent to simple interest (as specified in (4)) on the unpaid principal balance from the date of disbursement until the entire principal sum and accrued interest are paid in full. (2) However, the U.S. Secretary of Education (Secretary) will pay the interest that accrues on this loan prior to the repayment period and during any deferment, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the Stafford Loan Program (formerly GSLP). In the event that the interest on this loan is payable by the Secretary, neither the Lender nor the holder of this Note may attempt to collect this interest from me. I may, however, choose to pay this interest myself. (3) Once the repayment period begins, I will be responsible for payment of all interest that accrues on this loan; except that, if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under Deferment, Paragraph VIII, in this Note. (4) The interest rate will be determined according to the following: (a) If I have an outstanding Stafford Loan (formerly GSL) on the date I sign this Note, the applicable interest rate will be the same as the applicable interest rate on the outstanding Stafford Loans (formerly GSL's). (b) If I am borrowing for a period of enrollment which begins before July 1, 1988, and I have no outstanding Stafford Loans (formerly GSL's), the applicable interest rate on this loan will be 8%. (c) If I am borrowing for a period of enrollment which begins on or after July 1, 1988, and I have no outstanding Stafford Loans (formerly GSL's) but I do have an outstanding balance on any PLUS or Supplemental Loans for Students (SLS) loans made for enrollment period(s) beginning before that date, or on any Consolidation Loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8%. (d) If I am borrowing for a period of enrollment which begins on or after July 1, 1988, and I have no outstanding balance on any Stafford Loan (formerly GSL), PLUS, or SLS loan(s) made for enrollment period(s) beginning before that date or on any Consolidation Loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8% until the end of the fourth year of my repayment period and will be 10% beginning with the fifth year of my repayment period. (5) The applicable interest rate (a) until the end of the fourth year of my repayment period, and (b) beginning with the fifth year of my repayment period, will be identified on the Loan Guaranty Notice and Disclosure Statement. (6) I may also receive rebates of interest, if required by the Higher Education Act of 1965, as amended, when the applicable interest rate is 10%. (7) The Lender or other holder of this Note may add accrued unpaid interest to the unpaid principal balance (capitalization) of this loan in accordance with the guarantor's policies.

**III. DATE NOTE COMES DUE:** I will repay this loan: (1) in periodic installments during a repayment period that will begin no later than the end of my grace period; or (2) in full immediately if I fail to enroll in and attend the school which certifies my application for the academic period intended (this loan will not be eligible for a grace period). My grace period is that period of time which begins when either I leave school or stop carrying at least one-half the normal full-time academic work load required by a school approved by the U.S. Secretary of Education for participation in the Stafford Loan Program (formerly GSLP). The Loan Guaranty Notice and Disclosure Statement will identify the length of my grace period. During the grace period, I may request in writing that the grace period be shortened and the repayment period begin earlier.

**IV. ORIGINATION FEE AND INSURANCE PREMIUM:** I will pay to the Lender an origination fee not to exceed the percentage of the loan amount that is authorized by Federal law. I will also pay the Lender an amount equal to the insurance premium that the Lender is required to pay to the guarantor for this loan. The Lender will deduct the origination fee and insurance premium proportionately from each disbursement of principal of this loan. The amount of the origination fee and insurance premium will be disclosed to me on the Loan Guaranty Notice and Disclosure Statement.

**V. LATE CHARGES AND COLLECTION COSTS:** I agree to pay the following amounts if delinquent in making payments when due or if this Note is declared in default: (1) A late charge not to exceed 6 cents for each dollar of any installment payment not received by the Lender within 10 days after it is due, unless documentation is provided of eligibility to have the payment deferred as described under Paragraph VIII in this Note. (2) Reasonable collection costs incurred by the Lender in attempting to collect any overdue amount. These costs may include attorney's fees, court costs, and costs of telegrams and long-distance telephone calls. (3) Collection costs which do not exceed 25% of the unpaid principal and accrued interest if this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act.

**VI. PREPAYMENT:** I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest I have paid.

**VII. REPAYMENT:** The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document, known as a repayment disclosure, that the Lender will provide to me, normally just before the repayment period begins.
I agree to repay this loan over a repayment period that generally lasts at least 5 years but not more than 10 years to commence at the expiration of the grace period. However, if, during the grace period, I request in writing a repayment period shorter than 5 years,

the Lender may grant me a shorter period. I may later choose to have the repayment period extended to 5 years. The Lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I (we, if both my spouse and I have Stafford Loan Program (formerly GSLP) or PLUS/SLS Program loans outstanding) pay toward principal and interest at least $600 or the unpaid balance (plus interest), whichever is less, of the total amount owing to all holders of my (our) Stafford Loan Program (formerly GSLP) and PLUS/SLS loans. Any period described under Paragraph VIII in this Note or any period for which the Lender has granted forbearance will not be included in determining the 5- and 10-year periods mentioned above. The terms for repayment set forth in this paragraph are not applicable after the Note has been declared in default. Acceptance by the Lender of any delinquent payments shall not extend the time of payment for any amount remaining unpaid and shall not constitute a waiver of any of the Lender's other rights as set forth in this Note.

**VIII. DEFERMENT:** I am entitled to deferments under the Higher Education Act of 1965, as amended, and its regulations. In order to receive a deferment, I must request the deferment and provide the Lender with all documentation required to establish my eligibility. I understand that I must notify the Lender when the condition entitling me to the deferment no longer exists. My eligibility for a deferment will be determined by the information contained in the Stafford Loan Application Booklet.

**IX. FORBEARANCE:** Should I experience financial difficulties in meeting the repayment schedule, I may request and the Lender may grant me a short period during which no payments must be made, a longer period of time in which to complete repayment, or payment of smaller monthly installments than originally agreed upon.

**X. TRANSFER OF NOTE:** This Note may be transferred to a holder other than the Lender. Such transfer shall not affect the rights and responsibilities of the parties as set forth herein. This Note is not intended to be a negotiable instrument, and a subsequent holder of this Note cannot be a holder in due course. The Lender will notify me of any such transfer in writing.

**XI. CANCELLATION:** The obligation to repay the loan evidenced by this Note shall be cancelled: (1) upon submission to the Lender of documentation of my death; (2) upon the acceptance by the guarantor of the statement of a qualified physician verifying my total and permanent disability; or (3) upon submission to the guarantor of proof that the obligation has been discharged in bankruptcy.

**XII. DEFAULT:** "Default" means the failure of a borrower to make an installment payment when due, or to meet other terms of the Promissory Note under circumstances where the U.S. Secretary of Education or the guarantor finds it reasonable to conclude that the borrower no longer intends to honor the obligation to repay, provided that this failure persists for 180 days for a loan repayable in monthly installments or 240 days for a loan repayable in less frequent installments.

If I default on this loan: (1) the Lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable; (2) the Lender, holder, or the guarantor may disclose to schools I have attended (or am currently attending) information about the default; (3) I will be ineligible to receive assistance from any of the following Federal programs: Pell Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentive Grant, Byrd Scholarship, Perkins Loan (formerly called NDSL), Stafford Loan (formerly GSL), SLS Loan, PLUS Loan, Income Contingent Loan, or Consolidation Loan; and (4) I will be ineligible for the benefits described in Paragraphs II and VIII of this Note.

**XIII. CREDIT BUREAU NOTIFICATION:** Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations. If I default on this loan, the Lender, holder, or guarantor will also report the default to credit bureau organizations. This may significantly and adversely affect my ability to obtain other credit. The Lender, holder, or guarantor must notify me at least 30 days in advance that information about the default will be disclosed to credit bureau organizations unless I enter into repayment on the loan within 30 days. The Lender must provide a timely response to a request from any credit bureau organization regarding objections I might raise with that organization about the accuracy and completeness of information reported about me.

**XIV. GENERAL:** (1) I agree to use all of the proceeds of the loan evidenced by this Note solely for tuition and other reasonable expenses incurred by me in attending a participating school. I further agree to observe and comply with all rules and regulations adopted by the guarantor relating to the Stafford Loan Program (formerly GSLP) and advise the guarantor and the Lender promptly in writing of any changes in my name, address, school enrollment, or deferment status. (2) I hereby authorize the Lender to make disbursements by check payable jointly to me and the school where I am enrolled and to obtain information concerning my enrollment status and address from the school in which I am enrolled. The loan check will require my endorsement, and the Lender will mail the check to the school unless I am attending a school not located in the United States. (3) I acknowledge that pursuant to the Act of August 7, 1963, P.L. 549, I am legally obligated to pay this Note even though I may be less than 18 years of age.

## STAFFORD LOAN BORROWER CERTIFICATION

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information contained in this application is true, complete, and correct to the best of my knowledge and belief and is made in good faith.

I confirm that this is a loan and must be paid after termination of my enrollment. I authorize the school in which I am enrolled or intend to become enrolled and the Lender to release to the guarantor any records, documents, or other information in the possession of the school or the Lender or any of its officers or agents which relate to my record at their institution or bear upon my eligibility for loan assistance under state and federal laws. I further authorize the school to send directly to my Lender any refund not being used for educational expenses due me from the proceeds of this loan. I further authorize the Lender and the guarantor to use any information on this application for obtaining my address. I hereby authorize the guarantor to disclose information relating to this loan application and the loan based upon this application whenever the disclosure of the information is necessary for the processing of this application or the servicing, transfer, or collection of the loan. The information may be furnished during the life of the loan to holders and prospective holders of this and other loans made to me under the Stafford Loan Program (formerly GSLP), to schools in which I am enrolled or accepted for enrollment, to contractors which assist the guarantor in the administration of its loan guaranty program, to federal or state agencies or private parties who may be able to provide information necessary for the collection of the loan or to assist in the servicing or collection of the loan. I understand that as a result of this consent, the guarantor will not keep an accounting of disclosures of information regarding the application and loan since this application informs me of the uses which may be made of the information.

I certify that any loan proceeds I obtain as a result of this application will be used solely for educational expenses related to attendance at the school named herein while I am

attending on at least a half-time basis, unless I change schools and the guarantor authorizes the use of the loan proceeds at the new school after the guarantor is provided with proper certification of my enrollment as at least a half-time student and continued need for my loan proceeds at the new school. If I do not attend school on at least a half-time basis for the enrollment period as certified by the school for the obtaining of this loan, I understand and confirm that any loan funds disbursed for educational expenses will be immediately returned to the Lender and that I will be responsible for the payment [illegible]

I understand that I will receive a Loan Guaranty Notice and Disclosure Statement for any approved loan that identifies my loan amounts and the length of the grace period. I understand that I will receive a denial notice for any loan request for which the guarantor determines I am ineligible. I understand and agree that if the information on the Loan Guaranty Notice and Disclosure Statement or on the denial notice conflicts with the information on the Application and Promissory Note, the information on the Loan Guaranty Notice and Disclosure Statement or on the denial notice applies.

**NOTICE TO STUDENT: BY YOUR SIGNATURE ON THE OTHER SIDE OF THE APPLICATION AND PROMISSORY NOTE, YOU ARE AGREEING TO THE ABOVE TERMS AND CERTIFICATION.**

BEST COPY AVAILABLE
AT TIME OF IMAGING